

**John W. Suthers**
Attorney General

**Cynthia H. Coffman**
Chief Deputy Attorney General

**Daniel D. Domenico**
Solicitor General

**STATE OF COLORADO**
**DEPARTMENT OF LAW**

**Ralph L. Carr**
Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, Colorado 80203
Phone (720) 508-6000

Honorable Elisabeth A. Shumaker
Clerk, U.S. Court of Appeals for the 10th Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

**FILED VIA ECF SYSTEM**

RE: Governor's Response to Plaintiffs' Citation of Supplemental Authorities,
Fed. R. App. P. 28(j)
Kerr et al., v. Hickenlooper, No. 12-1445

Dear Madam Clerk:

*United States v. Windsor*, 133 S. Ct. 2675 (2013), did not, as Plaintiffs assert, take the remarkable step of using prudential standing doctrine to "expand" the constitutional limits of Article III standing. The Court established plaintiffs had Article III standing before addressing prudential standing. *See id.* at 2684-85. And *Windsor*'s prudential standing analysis itself is irrelevant to this appeal; the "unusual and urgent circumstances" of *Windsor* satisfied the Court's "prudential concerns that otherwise might counsel against hearing an appeal with which the principal parties agree." *Id.* at 2688. But Article III remains a constitutional requirement.

Plaintiffs are indeed correct that *Windsor* did not rely on the Political Question Doctrine. That is because it was never raised. The portion of *Windsor* Plaintiffs cite simply asserts that when a plaintiff *has* brought "a justiciable legal claim" the courts can decide it, even when the Executive declines to defend the statute's constitutionality. *Id.* at 2688. That issue is not present in *Kerr*. And the issue that is present here, whether Plaintiffs have brought "a justiciable legal claim," was not present in *Windsor*.

*NLRB v. New Vista Nursing*, 719 F.3d 203 (3d Cir. 2013), likewise sheds no light on this case. There, the court followed the D.C. Circuit's approach of invalidating the President's recess appointments to the NLRB. *See Canning v. NLRB*, 705 F.3d 490 (D.C. Cir. 2013), *cert. granted*, 133 S. Ct. 2861 (2013). That

certiorari has been granted in *Canning* brings the reliability of these precedents into question. Moreover, the distinctions between the narrow and technical Recess Appointments Clause and the Guaranty Clause are readily apparent. As is the fact that the Supreme Court has repeatedly held the Guarantee Clause commits to Congress the task of deciding what constitutes a Republican form of government. *Baker v. Carr,* 369 U.S. 186, 223-24 (1962) (listing cases).

Plaintiffs' supplemental authority does not aid their case; it reveals, in fact, the extent that their claims are beyond any existing precedent.

Sincerely,

FOR THE ATTORNEY GENERAL

*Megan Paris Rundlet*

DANIEL D. DOMENICO
Solicitor General
MEGAN PARIS RUNDLET
Assistant Attorney General
Attorneys for Governor Hickenlooper

Page 3

cc:

Attorney for Plaintiffs-Appellees:
David Evans Skaggs (dskaggs@mckennalong.com)
Lino S. Lipinsky de Orlov (llipinsky@mckennalong.com)
Herbert Lawrence Fenster (hfenster@mckennalong.com)
John A. Herrick (jherrick@bhfs.com)
Michael F. Feeley (mfeeley@bhfs.com)
Geoffrey W. Williamson (gwilliamson@bhfs.com)
Carrie E. Johnson (cjohnson@bhfs.com)
Sarah Hartley (shartley@bhfs.com)

Attorneys for Amici Curiae:
Melissa Hart (melissa.hart@colorado.edu)
David Benjamin Kopel (david@i2i.org)
John M. Bowlin (john.bowlin@dgslaw.com)
Emily L. Droll (emily.droll@dgslaw.com)
Andrew M. Low (andrew.low@dgslaw.com)
D'Arcy Winston Straub (dstraub@ecentral.com)
Ilya Shapiro (ishapiro@cato.org)
James Martin Manley (jmanley@mountainstateslegal.com)
Harold Haddon (hhaddon@hmflaw.com)
Laura Kastetter (lkastetter@hmflaw.com)
Matthew Douglas (matthew.douglas@aporter.com)
Nathaniel J. Hake (nathaniel.hake@aporter.com)
Paul Rodney (paul.rodney@aporter.com)
Holly Elizabeth Sterrett (holly@sterrett@aporter.com)
Joseph Guerra (jguerra@sidley.com)
Kathleen Moriarty Mueller (kmueller@sidley.com)
Catherine Carla Engberg (engberg@smwlaw.com)
Richard A. Westfall (rwestfall@halewestfall.com)