**Brownstein Hyatt
Farber Schreck**

September 13, 2013

Michael F. Feeley
Attorney at Law
303.223.1237 tel
303.223.8037 fax
mfeeley@bhfs.com

**FILED VIA ECF SYSTEM**

The Honorable Elisabeth A. Shumaker
Clerk, U.S. Court of Appeals, 10th Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

    RE:   *Kerr, et al., v. Hickenlooper*, No. 12-1445; Response to September 6, 2013 Governor's Citation of Supplemental Authorities, Fed. R. App. P. 28(j)

Dear Madam Clerk:

Although *Lobato v. State*, __ P.3d __, 2013 CO 30, 2013 LEXIS 383 (May 28, 2013), speaks primarily to issues that the Defendant neither addressed in the trial court nor briefed in this Court, it is nonetheless pertinent in other respects.

In *Lobato,* the Colorado Supreme Court determined that Colorado's public school financing system minimally complies with the Education and Local Control Clauses of the Colorado Constitution. These matters are not at issue in this case. The Defendant's assertion that somehow *Lobato* "disproves, as a matter of law" Plaintiffs' "contentions" misrepresents the Plaintiffs' position set forth in their Response Brief at pages 47-49.

The *Lobato* decision *is* pertinent in noting that adequate funding for the state's public schools is, under separation of powers, a legislative rather than a judicial responsibility. Plaintiffs agree that the General Assembly has that responsibility. The Defendant is bound by his admission in *Lobato* that "[a]ny funding required by the education clause is constrained by TABOR." *See* Plaintiffs' Complaint ¶ 81 (quoting admission).

To meet its constitutional responsibility for education, the General Assembly must possess the authority to secure adequate funds. *Lobato* determined only that the current school finance act complies minimally with the Education Clause and recognized that anything more depends on the political branches. The TABOR amendment, however, expressly deprives the General Assembly of the ability to get from minimal to adequate.

TABOR also turns into an empty charade any ability of the educator-plaintiffs to petition the General Assembly regarding the essential legislative responsibility to provide adequate funding. In that regard, the decision in *Lobato* reinforces the Article III standing of the educator-plaintiffs and, hence, all Plaintiffs.

Sincerely,

*[signature]*

Michael F. Feeley

090629\0001\10701765.1